IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRAXTON-GRANT
TECHNOLOGIES, INC.,
   *Plaintiff*,

v.

C&C INTERNATIONAL COMPUTERS
& CONSULTANTS, INC.,
   *Defendant*.

Civil Action No. ELH-18-195

## MEMORANDUM

On January 22, 2018, plaintiff Braxton-Grant Technologies, Inc. ("Braxton-Grant") filed suit against defendant C&C International Computers & Consultants, Inc. ("C&C"). ECF 1. Braxton-Grant, a cybersecurity consulting firm specializing in network and data security, asserted a claim for breach of a contract to provide information technology services. *Id.*[1] Plaintiff appended two exhibits to the suit.

The docket reflects that C&C was served on January 30, 2018, by personal service on Bill James, President of C&C. *See* ECF 4; *see also* ECF 10-1. C&C did not respond to the suit. Therefore, pursuant to a request by Braxton-Grant (ECF 5), the Clerk entered an Order of Default as to C&C on March 22, 2018. ECF 7.

On April 24, 2018, Braxton-Grant filed a Request for Entry of Default Judgment (ECF 10 ("Motion")), as well as the Affidavit of Kathleen M. McDonald, Esq., counsel for plaintiff (ECF 10-1), and the Affidavit of Meredith Braxton, a principal of Braxton-Grant. ECF 10-2. The Motion requests entry of judgment against C&C in the amount of $252,840.00, plus costs. ECF

---

[1] Jurisdiction is founded on diversity, pursuant to 28 U.S.C. § 1332.

10 at 3. However, Braxton-Grant has not enumerated any applicable costs. Defendant has not responded to the Motion, and the time to do so has expired. *See* Local Rule 105.2(a).

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall GRANT the Motion.

**Discussion**

**A.**

Rule 55(b) of the Federal Rules of Civil procedure governs default judgments. In particular, Rule 55(b)(1) provides that the clerk may enter a default judgment if the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation."[2] But, "[a] plaintiff's assertion of a sum in a complaint does not make the sum 'certain' unless the plaintiff claims liquidated damages; otherwise the complaint must be supported by affidavit or documentary evidence. *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794 (D. Md. 2010) (Grimm, M.J.).[3]

To be sure, the United States Court of Appeals for the Fourth Circuit has a "strong policy that cases be decided on the merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993); *see Tazco, Inc. v. Director, Office of Workers' Compensation Program,* 895 F. 2d 949, 950 (4th Cir. 1990); *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006). But, that policy is not absolute. Default judgment "'is appropriate when the "adversary process has been halted because of an essentially unresponsive party.'" *Entrepreneur Media, Inc. v.*

---

[2] If the sum is not certain or ascertainable through computation, the court looks to Rule 55(b)(2).

[3] Judge Grimm now serves as a United States District Judge. But, he authored *Monge* when he was a United States Magistrate Judge.

*JMD Entertainment Group, LLC*, 958 F. Supp. 2d 588, 593 (D. Md. 2013) (quoting *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

As noted, defendant did not respond to the suit. Therefore, all of plaintiff's factual allegations, other than those pertaining to damages, are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6); *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (stating that the court accepts as true the well pleaded factual allegations in the Complaint as to liability). But, the court must determine whether the undisputed factual allegations constitute a legitimate cause of action. *Id.* at 780-81; *see also* 10A Wright, Miller & Kane, *Federal Practice and Procedure* § 2688 (3d ed. 2010 Supp.) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

If the court is satisfied that liability has been established, it must then determine the appropriate amount of damages. *Ryan*, 253 F.3d at 780-81. Allegations "relating to the amount of damages" are not deemed admitted based on a defendant's failure to respond to a suit. Fed R. Civ. P. 8(b)(6); *see Ryan*, 253 F.3d at 780 ("'[D]efault is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover'") (citation omitted); *Monge*, 751 Supp. 2d at 794; *Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, Inc.*, DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."); *Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, No. 6:09cv00004, 2009 WL 1872535, at *1 (W.D. Va. June 30, 2009) ("Upon default judgment, Plaintiff's factual allegations are accepted as true for all purposes excluding determination of damages.").

Rather, the court must make an independent determination regarding allegations as to damages. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999). In so doing, the court may conduct an evidentiary hearing. Fed. R. Civ. P. 55(b)(2). However, the court may also make a determination of damages without a hearing, so long as there is an adequate evidentiary basis in the record to support an award of the requested damages. *See Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) ("[T]he court may rely on detailed affidavits or documentary evidence to determine the appropriate sum."); *see also Trustees of the Nat'l Asbestos Workers Pension Fund v. Ideal Insulation, Inc.*, ELH-11-832, 2011 WL 5151067, at *4 (D. Md. Oct. 27, 2011) (determining that, in a case of default judgment against an employer, "the Court may award damages without a hearing if the record supports the damages requested"); *Monge*, 751 F. Supp. 2d at 795 (same); *Pentech Fin. Servs., Inc.*, 2009 WL 1872535, at *2 (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" after default judgment because plaintiff submitted affidavits and records establishing the amount of damages); *JTH Tax, Inc. v. Smith*, Civil No. 2:06CV76, 2006 WL 1982762, at *3 (E.D. Va. June 23, 2006) ("If the defendant does not contest the amount pleaded in the complaint and the claim is for a sum that is certain or easily computable, the judgment can be entered for that amount without further hearing.").

Notably, under Fed. R. Civ. P. 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *See In re Genesys Data Techs, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000) ("When a Complaint demands a specific amount of damages, courts have generally held that a default judgment cannot award additional damages."). This is meant to enable the defendant to decide whether to expend the resources to defend the action. *Monge*, 751 F. Supp. 2d at 796.

**B.**

The Complaint alleges that plaintiff and defendant entered a contract (ECF 1, ¶¶ 6-7), that plaintiff complied with its contractual obligations under the contract by shipping the contracted-for items (*id.* ¶ 8), and that defendant failed and refused to make full payment of the agreed-upon amount. *Id.* ¶ 9. Plaintiff's allegations are supported by two documents attached as exhibits to the suit. *See* ECF 1-2; ECF 1-3. The allegations are deemed admitted. Fed. R. Civ. P. 8(b)(6). Accordingly, defendant is liable for breach of contract.

As for damages, I shall rely on the documents submitted with the suit (ECF 1-2; ECF 1-3) and the Affidavit submitted by Meredith Braxton.

ECF 1-2 is a "Quote" to defendant dated September 24, 2015, in the sum of $355,084.23, submitted by plaintiff for the items described therein. ECF 1-3 is a Purchase Order for defendant, dated September 25, 2015, in the same amount. It also reflects "Delivery Due" on September 25, 2015. *Id.*

The Affidavit of Meredith Braxton states that as of April 23, 2018, defendant "still owes Braxton-Grant Technologies, Inc., at least $252,840.00 of the total contract price of $355,048.23 for the products and services it provided to Defendant C&C, as alleged in the Complaint filed in this case." ECF 10-2, ¶ 2. This averment is uncontested by defendant. Therefore, I shall award damages of $252,840.00.

Plaintiff also requests that the Court award the costs of this suit. ECF 10 at 3. I note that plaintiff has offered no evidence of its costs. However, I take judicial notice of plaintiff's payment of the $400 filing fee. *See* Docket at ECF 1; *see also* Fed R. Evid. 201; *Bezek v. First Mariner Bank*, 293 F. Supp. 3d 528, 535 (D. Md. 2018). Therefore, I shall award $400.00 in costs.

**Conclusion**

For the reasons discussed, I shall GRANT the Motion. Default judgment shall be entered against defendant in the amount of $252,840.00, plus $400.00 in costs, for a total of $253,240.00.

An Order follows.


Date:   June 21, 2018                                          /s/
                                                        Ellen Lipton Hollander
                                                        United States District Judge